## Commonwealth v. Nagel

*J. William Ditter, Jr.*, assistant district attorney, for Commonwealth.

*William F. Fox*, for defendant.

FORREST, J., December 3, 1954.—Defendant, Henry A. Nagel, was tried on three bills of indictment, the first charging him with operating a motor vehicle while under the influence of intoxicating liquors, the second with failure to stop at the scene of a motor vehicle accident, and the third with failure to exhibit his operator's license and to give identification at such scene. On the first bill he was acquitted by a jury. On the second and third bills he was found guilty.

A motion for new trial and a motion in arrest of judgment have been filed on behalf of defendant, wherein the following reasons have been assigned: That the verdict is contrary to the evidence, contrary to the weight of the evidence, and against the law. We have carefully reviewed the testimony and have concluded that there is no merit in any of the contentions of defendant.

Sections 1025(*a*) and (*b*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §634, which the jury found defendant to have violated, are, inter alia, as follows:

"(a) The driver of any vehicle involved in an accident, resulting in . . . damage to property, shall immediately stop such vehicle at the scene of such accident.

"(b) The driver . . . of any vehicle involved in any accident, resulting in . . . damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to . . . the owner or custodian of any property involved . . . ."

The testimony of the Commonwealth's witnesses was ample to warrant a finding by the jury that on the evening of February 10, 1954, defendant, while operating his automobile backward on Jefferson Street, Norristown, Pa., struck the marble steps at the front of the house of Mrs. Josephine Bondy, situate at 318 Jefferson Street, as a result of which the corners of the steps were chipped, the steps were moved several inches out of place and a few bricks were dislocated; that each of the steps was approximately five feet in breadth and eight inches in depth; that the collision was heard by Mary Lapore and Frank Joseph Lapore who were in the house; that Mr. Lapore ran outside and noticed a maroon automobile going down Main Street; that he telephoned the police

about the accident; that later in the same evening he observed the particular automobile parked a short distance from the scene; that he examined it and noticed that the bumper was slightly dented and contained traces of cement or marble; that he returned to the house and told his mother who, in turn, notified the police; that the police were advised by the owner of the car that defendant was the operator; that defendant admitted operating the automobile at the time of the collision; that upon examining the car, Sergeant Kerickman, of the Norristown Police Department, observed a sharp dent on the left rear bumper and pieces of stone adhering thereto or imbedded therein; that defendant told Sergeant Kerickman and officer John J. Murray that he had not stopped at the scene of the accident; that the next day defendant offered to repair the steps.

Defendant's witness, Bridget Sweeney, testified that defendant admitted that he had struck the steps with his car and that he had said that after having his supper he would return to the scene of the accident to find out what damage had been done.

Defendant himself testified that the accident occurred after he had proceeded north on Jefferson Street, looking for a parking place without success and that while he was backing out of an alley with intent to go south on Jefferson Street to Main Street he felt an impact and thought that, since he lived only 75 feet away, he would return to the scene after supper to ascertain whether any damage had been done; that the street is of a width of scarcely more than two cars; he admitted telling the police that he had struck the steps; he admitted that one step had been knocked out of line not over two inches, that afterwards he had pushed it back into place, and he stated that no claim of money damages had been made against him.

The sole question here is whether property was "damaged" within the meaning of section 1025 of The Vehicle Code. Of course, if the damages are so slight that defendant does not know that a collision occurred, he is not required to stop, and the triviality of the damage may be an important factor in ascertaining whether or not defendant had the requisite scienter. On the other hand when, as here, defendant knew that he had collided with another object, the fact that the owner of the damaged object later elects not to claim damages is not a defense in a criminal action under the above cited section of The Vehicle Code. When a defendant has struck the steps of a building with such force as to attract attention of the occupants, chipping and moving the steps several inches and inducing the setting of the machinery of the criminal law enforcement agency into operation, he is hardly entitled to shrug his shoulders and to decide that he will first have dinner and then return to the scene of the accident at his leisure. It may be that there can be a case where the damage to property is so trifling that no reasonable person would require literal compliance with the provisions of The Vehicle Code. The trial judge charged the jury that in order for there to be a conviction, "There must be damage. That is up to you to determine". The jury decided this question of fact adversely to defendant. It was the function of the jury to find the facts. There was ample evidence to support this finding of the jury and there is no reason to set it aside.

### Order

And now, December 3, 1954, defendant's motion for new trial and motion in arrest of judgment are overruled and it is ordered that he shall appear on December 17, 1954, at 10 a.m., in Courtroom D for the imposition of sentence.